# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>BLAIR LEASING, LLC,  )<br>)<br>Serve: SCW Registered Agent, Inc.  )<br>     8909 Ladue Road  )<br>     St. Louis, MO  63124  )<br>)<br>Defendant.  ) | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Auto-Owners Insurance Company ("Auto-Owners"), by and through the undersigned counsel, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment, hereby states as follows:

## PARTIES

1. Plaintiff Auto-Owners Insurance Company ("Plaintiff"), is a domestic insurance carrier incorporated, organized and existing under the laws of the State of Ohio with its principal place of business in the State of Michigan, and it is therefore a corporate citizen of the State of Missouri.

2. Defendant Blair Leasing, LLC ("Defendant"), is a company incorporated, organized and existing under the laws of the State of Missouri with its principal place of business in Cape Girardeau, Missouri, and it is therefore a corporate citizen of the State of Missouri, and at all times relevant herein was the owner of real property at 1515/1507 Independence Street, Cape Girardeau, Missouri 63703.

## JURISDICTION AND VENUE

3. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 2201 as Plaintiff is seeking a determination of its rights and obligations under a policy of insurance issued to Defendant. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(a) and Local Rule 3-2.07 because a substantial part of the events or omissions giving rise to this action occurred in Cape Girardeau, Missouri, and the insured property that is subject to the action is situated in Cape Girardeau, Missouri.

## GENERAL ALLEGATIONS

5. Plaintiff brings this action seeking interpretation of an insurance policy issued to Defendant and a declaration of its rights and obligations thereunder.

6. Plaintiff issued to Defendant an insurance policy with effective dates of April 15, 2016 to April 15, 2017, Policy No. 144605-74848703-16 (the "Policy"). A copy of the Policy is attached hereto as Exhibit A and incorporated by reference as if fully set forth herein.

7. Subject to certain provisions, conditions, and exclusions, the Policy provides coverage to Defendant as the named insured for covered losses to its building located at 1515/1507 Independence Street, Cape Girardeau, Missouri, 63703. Exhibit A.

8. On or about April 26, 2016, July 6, 2016, and August 13, 2016, Defendant claims that the roofs of its commercial buildings located 1515/1507 Independence Street (the "Insured Property") were damaged by storm events.

9. The Policy contains the following relevant exclusions, which precludes coverage for all of Defendant's claim as discussed below:

\*\*\*

## BUILDING AND PERSONAL PROPERTY COVERAGE FORM

**A.  COVERAGE**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1.  Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.,** and limited in **A.2.** Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

**a.** Building, meaning the building or structure described in the Declarations, including:

**(1)** Completed additions;

**(2)** Fixtures, including outdoor fixtures;

**(3)** Permanently installed:

**(a)** Machinery; and

**(b)** Equipment;

**(4)** Personal property owned by you that is used to maintain or service the building or structure or its premises…

\*\*\*

## CAUSES OF LOSS - SPECIAL FORM

**A.  COVERED CAUSES OF LOSS**

When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:

1. Excluded in Section B., Exclusions; or
2. Limited in Section C., Limitations that follow.

**B.    EXCLUSIONS**

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**2.** We will not pay for loss or damage caused directly or indirectly by any of the following:

   **d.    (1)**  Wear and tear;

   **(2)**  Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

   **(4)**  Settling, cracking, shrinking or expansion;

2. We will not pay for loss or damage caused by or resulting from any of the following:

   **f.**  Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.

   **k.**  Collapse, including any of the following conditions of property or any part of the property:

   **(1)**  An abrupt falling down or caving in;

   **(2)**  Loss of structural integrity, including separation of parts of the property or property in danger of falling down or caving in; or

   **(3)**  Any cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion as such condition relates to (1) or (2) above.

   But if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss. However, if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss.

   This exclusion, **k.**, does not apply:

   **(a)**  to the extent that coverage is provided under the Additional Coverage, Collapse; or

   **(b)**  to collapse caused by one or more of the following:

   **(i)**  the "specified causes of loss";

   **(iii)**  weight of rain that collects on a roof;

**3.**  We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.**

4

results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

 **c.** Faulty, inadequate or defective:

  **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

  **(3)** Materials used in repair, construction, renovation or remodeling; or

  **(4)** Maintenance of part or all of any property on or off the described premises.

***

10. The Policy contains the following relevant limitations:

***

**C.** **LIMITATIONS**

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

**1.** We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

 **c.** The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, sand, or dust, whether driven by wind or not, unless:

  **1)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which rain, snow, sleet, ice, sand or dust enters; or

  **2)** The loss or damage is caused by or results from thawing of snow, sleet, or ice on the building or structure.

***

**D.** **Additional Coverage - Collapse**

The coverage provided under this Additional Coverage, Collapse, applies only to an abrupt collapse as described and limited in **D.1.** through **D.7**.

 **1.** For the purpose of this Additional Coverage, Collapse, abrupt collapse means an abrupt falling down or caving in or a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose.

5

**2.** We will pay for direct physical loss or damage to Covered Property, caused by abrupt collapse of a building or any part of a building that is insured under this Coverage Form or that contains Covered Property insured under this Coverage Form, if such collapse is caused by one or more of the following:

  **a.** Building decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse;

  **d.** Use of defective material or methods in construction, remodeling or renovation if the abrupt collapse occurs after the construction, remodeling or renovation is complete, but only if the collapse is caused in part by:

   **(1)** A cause of loss listed in **2.a.** or **2.b.**;

   **(2)** One or more of the "specified causes of loss";

   **(3)** Breakage of building glass;

   **(4)** Weight of people or personal property; or

   **(5)** Weight of rain that collects on a roof.

\*\*\*

**4.** With respect to the following property:

  **i.** Walks, roadways and other paved surfaces;

  if an abrupt collapse is caused by a cause of loss listed in 2.a. through 2.d., we will pay for the loss or damage to that property only if:

   **(1)** Such loss or damage is a direct result of the abrupt collapse of a building insured under this Coverage Form; and

   **(2)** The property is Covered Property under this Coverage Form.

\*\*\*

**G. Definitions**

  **2.** "Specified causes of loss" means the following: … windstorm or hail …;

\*\*\*

11. Defendant submitted a claim reporting on August 13, 2016, a building at the Insured Property had its roof collapse as a result of a storm event.

12. Defendant further alleged as a result of the roof collapsing the interior of the building suffered water damage.

13. On or about August 18, 2016, Plaintiff sent a representative, Chuck Venn, to inspect the roof and meet with the Defendant.

14. During Mr. Venn's inspection of the roof, one of the Defendant's employees informed him that the roof had been leaking for a while.

15. After his inspection, Mr. Venn also determined the roof collapsed as a result of rotting, which occurs after years of exposure.

16. On or about January 18, 2017, Plaintiff informed Defendant that Plaintiff had determined that the roof collapse was "outside the scope of the coverage provided by your policy and that we are unable to make payment to you to assist you with your repairs."

17. On or about March 15, 2017, Plaintiff sent another representative, Charles Powell, to the Insured Property to assess Defendant's claim for damages related to the April 26, 2016, July 6, 2016, and August 13, 2016 storm events.

18. In his report dated March 30, 2017, Charles Powell noted that no evidence of "recent functional damage to any of the roofs that would have been caused by a sudden and accidental event such as a strong wind, hail, rain, flood, weight of ice & snow, lighting, earthquake, explosives, heavy vehicle traffic vehicle impact, or any other event."

19. Charles Powel noted the damage found on the roof, which might be leading to interior water leakage, was the result of "improper methods of installing the modified bitumen roofing material; insufficient slope on the flat roofs; deterioration from many years of general weathering and exposure to the sun; lack of regular maintenance; age; and problems with crimping tools on the eastern metal roof."

7

20. On or about June 15, 2017, Plaintiff informed Defendant there was "no payment for the claim submitted based upon [Auto-Owners'] investigation, the policy and information provided."

21. On or about February 6, 2018, Defendant submitted two invoices claiming the total damages that occurred as a result of the aforementioned storm events is $4,927,831.56.

## DECLARATORY JUDGMENT

22. An actual case or controversy of a justifiable nature exists between Plaintiff and Defendant concerning the rights and obligations of each party under the Policy, and litigation as to this controversy is inevitable and imminent.

23. The resolution of the matters raised in this Complaint for Declaratory Judgment will dispose of all issues and disputes between the parties.

24. All necessary and proper parties are before the Court with respect to the matters in controversy.

25. Plaintiff has no adequate remedy at law.

26. Defendant seeks recovery for the cost to replace the roofs for the commercial buildings located at 1515/1507 Independence Street, Cape Girardeau, Missouri 63703, which allegedly were damaged by storm events.

### Damages Not Covered Pursuant to Policy Exclusions and Limitations

27. However, Plaintiff's investigation has led to the reasonable belief and conclusion that the alleged damages are the result of normal wear and tear, natural deterioration, and faulty or defective workmanship, construction, and maintenance, not damage from hail.

28. Normal wear and tear, natural deterioration, and faulty or defective workmanship, construction, and maintenance are all specifically excluded from coverage by the Policy.

29. The alleged insured loss $4,927,831.56.

30. Pursuant to the exclusions of the Policy, there is no coverage for the above amount.

31. Defendant's Report mentions alleged damage to the interior of the Insured Property.

32. Any damage to the interior of the building resulting from precipitation is not covered under the Policy unless that damage is caused by a Covered Cause of Loss. Exhibit A.

33. With respect to any interior areas allegedly damaged by precipitation, there was no Covered Cause of Loss because the cause of the alleged interior water damage was water pooling the roof, which was caused by natural deterioration and improper construction and maintenance.

34. Pursuant to the Policy, there is no coverage for any alleged interior damage.

**WHEREFORE** Plaintiff Auto-Owners Insurance Company respectfully requests this Court to declare the rights and obligations of the parties under the Policy issued to Defendant Blair Leasing, LLC, and to enter judgment in favor of Plaintiff, adjudging and declaring:

A. That there is no coverage under the policy of insurance for Defendant's claimed loss;

B. That coverage is excluded for Defendant's claimed loss pertaining to damage to the of Blair Leasing's roofs under the provisions of the Policy that exclude coverage for losses caused by wear and tear, deterioration, negligent work, and that there is no coverage for any alleged interior damage not caused by a Covered Cause of Loss; and

C. That Plaintiff is entitled to such further relief as the Court deems just and proper under the circumstances.

**BROWN & JAMES, P.C.**

*/s/ Bradley R. Hansmann*
Bradley R. Hansmann, #53160MO
Travis S. McDonald, #67356MO
800 Market Street, Suite 1100
St. Louis, MO 63101-2501
314-421-3400
314-421-3128 - Fax
rwatters@bjpc.com
bhansmann@bjpc.com
*Attorneys for Plaintiff*

20783940.1