# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BLAIR LEASING, LLC, ) <br> ) <br> Defendant. ) <br> _____/ ) <br> ) <br> BLAIR LEASING, LLC, ) <br> ) <br> Counter-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AUTO-OWNERS INSURANCE COMPANY, ) <br> ) <br> Counter-Defendant. ) <br> _____/ ) <br> ) | Case No: 1:19CV00066SNLJ |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**

Defendant/Counter-Plaintiff, Blair Leasing, LLC, ("Blair"), by and through its undersigned counsel, hereby files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff/Counter-Defendant, Auto-Owners Insurance Company's ("Auto-Owners") Original Complaint for Declaratory Relief and as grounds therefore, states as follows:

## **PARTIES**

1. Admitted.

2. Admitted.

## JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

## GENERAL ALLEGATIONS

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted that the insured property was damaged as the result of a covered loss during the applicable policy period, otherwise denied.

9. Denied.

10. Admitted to the extent the policy limitations set forth are an accurate recitation of the applicable policy language, otherwise denied.

11. Admitted.

12. Admitted.

13. Admitted.

14. Unknown, therefore denied.

15. Unknown, therefore denied.

16. Admitted.

17. Admitted.

18. Admitted to the extent the quote set forth is an accurate recitation of the applicable report, otherwise denied.

19. Admitted to the extent the quote set forth is an accurate recitation of the applicable

report, otherwise denied.

20.     Admitted.

21.     Admitted that Blair submitted two damage repair estimates totaling $4,927,831.56 on or about February 6, 2018, otherwise denied.

## DECLARATORY JUDGMENT

22.     Denied.

23.     Denied.

24.     Admitted.

25.     Denied.

26.     Admitted.

### Damages Not Covered Pursuant to Policy Exclusions and Limitations

27.     Denied.

28.     Admitted that the subject policy speaks for itself.  Denied that Blair's damages are excluded under the applicable policy.

29.     Objection.  The allegation is confusing and appears incomplete.  Notwithstanding the foregoing objections, admitted that Blair submitted two damage repair estimates totaling $4,927,831.56 on or about February 6, 2018, otherwise denied.

30.     Denied.

31.     Admitted.

32.     Admitted that the subject policy speaks for itself.  Denied that Blair's damages are excluded under the applicable policy.

33.     Denied.

34.     Denied.

## BLAIR'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Auto-Owners' Complaint fails to state a claim upon which relief can be granted. *See Henkel v. City of Pevely*, 488 S.W.2d 949 (Mo. App 1972) (In determining the sufficiency of a petition to state a claim upon which relief can be granted, conclusions of the pleader that are unsupported by factual allegations cannot be taken as true and must be disregarded).

### SECOND AFFIRMATIVE DEFENSE

The insurance policy is a contract of adhesion; thus, where there is a question as to coverage it must be resolved in favor of Blair. *See Traders Ins. Co. v. Bradley*, 986 S.W.2d 485 (Mo.App. E.D. 1998) (holding that the insurance policy is a contract of adhesion and insureds had a reasonable expectation of coverage).

### THIRD AFFIRMATIVE DEFENSE

Ambiguities in the language of the policy must be construed in favor of Blair and against Auto-Owners. Under Missouri law, if language employed in an insurance policy is found to be ambiguous, it will be strictly construed against the insurer and in favor of the insured; this is especially true when the clause in question attempts to limit or exclude coverage under the policy. *Kyte v. Fireman's Fund Am. Ins. Companies*, 549 S.W.2d 366 (Mo. App 1977).

### FOURTH AFFIRMATIVE DEFENSE

Auto-Owners has waived its right to assert any defenses not specifically set forth in its denial letter and is, therefore, estopped from asserting the same. *See Hounihan v. Farm Bureau Mut. Ins. Co. of Missouri*, 523 S.W.2d 173 (Mo. App 1975) (By first denying liability on one theory of liability, defendant was foreclosed from later advancing a different ground for denying liability); *See also, Brown v. State Farm Mut. Auto. Ins. Co.*, 776 S.W.2d 384, 388 (Mo. 1989) ("It

is often stated that if an insurer denies liability upon a specified ground or defense, all other grounds or defenses are waived...."(additional citations omitted)).

### FIFTH AFFIRMATIVE DEFENSE

Blair has complied with all terms and conditions precedent to recovery under the subject policy, including, but not limited to: providing Auto-Owners and/or its representatives access to the property on multiple occasions; submitting to examinations under oath; and providing documentation to Auto-Owners. *See Harding v. State Farm Mut. Auto. Ins. Co.*, 448 S.W.2d 5, 7 (Mo. 1969), citing to RSMo. § 509.170 (West) (Providing that in pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.) "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c).

### SIXTH AFFIRMATIVE DEFENSE

Auto-Owners has waived and is estopped from requiring that Blair comply with policy conditions or obligations under the policy by denying the claim and by suing its own insured. *See Carp v. Queen Ins. Co.*, 104 Mo. App. 502, 79 S.W. 757 (1904) (Where the insurance company's denial of any liability for the insureds' loss dispensed with a term of the policy that required an appraisement of the amount of loss).

### SEVENTH AFFIRMATIVE DEFENSE

Auto-Owners is barred from the relief it seeks in its "WHEREFORE" clause pursuant to the defense of laches; particularly here, where Blair has been materially prejudiced by Auto-Owners' unreasonable delay in investigating and paying the claim. *See Port Perry Mktg. Corp. v. Jenneman*, 982 S.W.2d 789 (Mo.App. E.D. 1998); *Lyman v. Walls*, 660 S.W.2d 759 (Mo.App. E.D. 1983).

### EIGHTH AFFIRMATIVE DEFENSE

Blair has coverage pursuant to an all-risks policy of insurance and hail and wind damage are not excluded causes; as such, Blair is entitled to full payment for its covered loss. *Pakmark Corp. v. Liberty Mut. Ins. Co.*, 943 S.W.2d 256 (Mo.App. E.D. 1997) (Under an all-risks property insurance policy, recovery will be allowed for all fortuitous losses, unless the policy contains specific provisions expressly excluding the loss from coverage).

### NINTH AFFIRMATIVE DEFENSE

Any policy provisions in contravention of Missouri Law are deemed void or inapplicable. *See Griggs v. Riley,* 489 S.W.2d 469, 472 (Mo.App.1972); *Dunaway by Dunaway v. Fellous*, 842 S.W.2d 166, 169 (Mo.App. E.D. 1992) (Because Missouri is the situs of this litigation, it has a real interest in ensuring that the laws applied in its courts do not contravene its public policies).

### TENTH AFFIRMATIVE DEFENSE

Auto-Owners' Declaratory Judgment Action is barred and/or at least rendered moot by Blair's Counterclaims for breach of contract and vexatious refusal to pay, pled *infra*. Declaratory judgment power is not to be invoked where an adequate remedy already exists. *See Van Dyke v. LVS Bldg. Corp.*, 174 S.W.3d 689 (Mo.App. W.D. 2005). "For the purpose of this rule, an adequate remedy exists if the plaintiff could assert the issues sought to be declared as a defense in an action brought by the defendant." *Preferred Physicians Mut. Mgmt. Group, Inc. v. Preferred Physicians Mut. Risk Retention Group*, 916 S.W.2d 821, 824 (Mo.App. W.D. 1995).

### ELEVENTH AFFIRMATIVE DEFENSE

Auto-Owners has failed to meet its burden to prove that the policy provisions it has brought forth apply to this case. *See Stark Liquidation Co. v. Florists' Mut. Ins. Co.*, 243 S.W.3d 385

(Mo.App. E.D. 2007) (Insurer has the burden of proving that any exclusion upon which it relies is applicable).

## TWELFTH AFFIRMATIVE DEFENSE

Auto-Owners is liable to Blair for penalties, including attorney's fees and costs under RSMo §§ 375.296, 375.420 (West) for its failure to properly investigate the claim, its delay of the claim, and for its refusal to pay the claim without reasonable cause. *See Russell v. Farmers & Merchants Ins. Co.*, 834 S.W.2d 209 (Mo.App. S.D. 1992).

## COUNTERCLAIM FOR BREACH OF CONTRACT AND VEXATIOUS REFUSAL TO PAY

COMES NOW, Defendant/Counter-Plaintiff, Blair Leasing, LLC, by and through the undersigned counsel, and respectfully files this Counterclaim for Breach of Contract and Vexatious Refusal to Pay against Plaintiff/Counter-Defendant, Auto-Owners Insurance Company, and states as follows:

### GENERAL ALLEGATIONS

1. At all times material hereto, Blair was insured by Auto-Owners. A true and correct copy of the Policy is incorporated herein, and is attached hereto as **Exhibit "A".**

2. Blair paid all premiums on the Policy, and the Policy was in full force and effect at all times material hereto.

3. All conditions precedent to obtaining payment of benefits under the Policy have been complied with, met, waived, or otherwise satisfied.

4. On or about April 26, 2016 and July 6, 2016, Blair's property suffered damages resulting from hail and wind.

5. Blair notified Auto-Owners of the loss.

6. Auto-Owners assigned a claim number to Blair's claim, Claim Number 75-46-2017, and proceeded to investigate the loss.

7. The professionals hired by Auto-Owners performed only a limited evaluation of the loss.

8. Without doing a full and adequate investigation, Auto-Owners denied Blair's claim for damage related to wind and/or hail.

9. As a result of the inadequate evaluation performed by Auto-Owners and its representatives at the Blair's facility, Blair, at an additional expense, had to hire additional professionals to investigate the loss.

10. Blair retained Mr. Carl Martin, P.E., Engineering Perspective, Inc., to perform additional testing on the roof. A copy of Carl Martin's November 10, 2017 report is attached as **Exhibit "B".** Mr. Martin confirmed wind and hail damage to the Insured Property.

11. Blair retained Forensic Weather Consultants ("FWC) to evaluate the meteorological conditions at the buildings on the date of loss. FWC confirmed wind gusts up to 50 miles per hour and hail up to 1.25" in diameter at the insured property on April 26, 2016 and wind gusts of 70-75 miles per hour at the insured property on July 6, 2016. A copy of FWC's report is attached as **Exhibit "C".**

12. Blair then retained contractor John Kregos of US General, LLC. to complete estimates of what it will cost to properly repair the subject property. A copy of the US General estimates are attached hereto as **Exhibit "D".**

13. US General's estimates for the loss total $4,927,831.56. *See* **Exhibit "D".**

14. The results of these evaluations were all timely provided to Auto-Owners for its review and consideration. Instead of receiving an offer of settlement or any word that Auto-Owners

wanted to go to appraisal or further adjust the loss, Blair received the above-referenced declaratory judgment action.

## COUNT I
## (BREACH OF CONTRACT)

15. Blair hereby re-alleges paragraphs one through fourteen above, as if fully set forth herein and states.

16. This is an action for damages for a breach of contract against Auto-Owners for benefits under an insurance policy that was in effect at the time of the loss.

17. Auto-Owners underwrote and issued an insurance policy that covered Blair's property effective from April 15, 2016, to April 15, 2017. *See* **Exhibit "A".**

18. Blair's insurance policy is an all-risks policy that provides coverage for any and all perils not specifically excluded under the terms of the insurance policy.

19. Damages caused by hail and/or wind are covered losses under the Policy and are not excluded.

20. On or about April 26, 2016 and July 6, 2016, while the Policy was in full force and effect, Blair's buildings suffered damages as a result of hail and wind.

21. Blair provided notice of its claim to Auto-Owners after the loss and fully cooperated with Auto-Owners' investigation.

22. Nonetheless, despite Blair's full cooperation with the pertinent policy conditions, despite Auto-Owners' failure to perform an adequate investigation, and despite Auto-Owners having been provided Blair's engineer's and meteorologist's evaluations showing that a covered loss occurred, Auto-Owners refused and continues to refuse to accept coverage and tender payment for the covered loss.

23. Auto-Owners' refusal to tender payment for this loss is a breach of the terms of the

Policy.

24. As direct result of Auto-Owners' breach of the terms of the Policy, Blair has suffered and continues to suffer damages including the cost of having to repair the damage to the building, increased damage to the building as a result of Auto-Owners' delay in paying for repairs. US General, LLC has estimated the loss of the property to be $4,927,831.56.

## COUNT II
## (VEXATIOUS REFUSAL TO PAY)

25. Blair re-alleges paragraphs numbered one through twenty-four above as if fully set forth herein and further states:

26. Despite proper proof that coverage should be provided under the terms of the Policy, Auto-Owners has failed, neglected, and refused to pay benefits owed to Blair under the Policy without reasonable cause.

27. Auto-Owners' failure to timely indemnify Blair for its covered loss is an example of a vexatious refusal to pay claimed damages.

28. Auto-Owners denied the existence of certain covered losses after performing a sub-par investigation of the subject property.

29. Auto-Owners failed to fully explain to Blair or its representatives why it would not cover the loss.

30. Auto-Owners' failure to clearly communicate with Blair and/or its representatives is another example of its misconduct and vexatious refusal to pay claimed damages.

31. Auto-Owners' failure to state its intentions on coverage in a timely manner is also an example of its vexatious refusal to pay claim damages.

32. Auto-Owners' vexatious refusal to pay Blair's claim is without just cause or excuse.

33. Instead of paying its insured, Blair's covered claim, and/or instead of trying to resolve the issues without resorting to litigation, Auto-Owners proceeded to sue its own insured, forcing it to resort to litigation in order to resolve the claim.

34. As a direct and proximate result of Auto-Owners' breach of the insurance contract and vexatious refusal to pay Blair's claim, Blair has suffered the following damages in addition to repairs:

   a. Public Adjuster's fees associated with the representation of its claim;

   b. Costs related to the retention of weather, engineering, and damages experts;

   c. Attorneys' fees and costs; and

   d. Interest from payment on the loss that should have been already been paid.

35. Auto-Owners' refusal to tender payment for Blair's covered loss, which is due and owing under the Policy, is a vexatious failure to pay pursuant to Missouri Statutes §§ 375.420 and 375.296 and accordingly, Blair is entitled to additional damages provided by these statutes, including reasonable attorneys' fees and costs associated with the prosecution of this counterclaim.

**WHEREFORE**, Plaintiff, Blair Leasing, LLC, prays this Court enter an award against Defendant, Auto-Owners Insurance Company for the damages described in the paragraph above, as well as for compensatory damages, consequential damages, pre-judgment interest, costs of this action, attorneys' fees; and such other further relief this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Further, Blair Leasing, LLC demands a trial by jury on all issues so triable as a matter of right.

### IN THE ALTERNATIVE, PETITION TO COMPEL APPRAISAL AND ABATE CASE PENDING COMPLETION OF APPRAISAL

COMES NOW, Defendant/Counter-Plaintiff, Blair Leasing, LLC, by and through the

undersigned counsel, and respectfully asks the Court to order the parties to submit Blair's insurance claims making the basis of this suit to an appraisal pursuant to the appraisal provision in the insurance policy at issue, and order an abatement of this case pending completion of the appraisal process.  In support thereof, Blair states as follows:

1. Blair re-alleges paragraphs numbered one through twenty-four of its Counterclaim set forth above as if fully set forth herein and further states.

2. As is clear from the above allegations, the parties disagree on the amount of loss.

3. In the event of a disagreement on the amount of loss, the policy provides as follows:

**Appraisal**

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of the written demand for appraisal.  The two appraisers will select a competent and disinterested umpire.  If they cannot agree on such umpire within 15 days, then, upon your or our request, such umpire will be selected by a judge of a court of record in the state and county (or city if the city is not within a county) in which the property covered is located.  The appraisers will state separately the value of the property and amount of loss.  If they fail to agree, they will submit their differences to the umpire.  The umpire shall make an award within 30 days after the umpire receives the appraisers submissions of their differences.  A decision agreed to by any two will be binding.  Each party will:

a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

4. Thus, the policy provides a specific mechanism for the resolution of this dispute while allowing Auto Owners to retain the right to deny the claim.

5. Blair hereby demands appraisal of the subject claims and appoints Anthony Rolfes with Fulcrum Claims Consulting, LLC as its appraiser.

6.   Blair is requesting this Court order the parties to participate in the appraisal process as required by the terms and conditions of the policy.

**WHEREFORE**,  Plaintiff, Blair Leasing, LLC, respectfully requests this Court enter judgment ordering the parties to resolve any disputes over the amount of loss, including the causation of disputed damages, in the appraisal process and awarding any other such relief as this Court deems just and appropriate.

**MERLIN LAW GROUP, P.A.**

*s/ Larry E. Bache, Jr.*
LARRY E. BACHE, JR., MBN# 91304FL
J. DREW HOUGHTON, MBN# 18080K
211 N. Robinson, Suite 210
Oklahoma City, OK  73102
Telephone: (405) 218-1105
Facsimile:  (405) 218-1106
Email: dhoughton@merlinlawgroup.com
         lbache@merlinlawgroup.com
*Attorneys to Blair Leasing, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 7th, 2019, a true and correct copy of the foregoing Answer, Affirmative Defenses, and Counterclaims to Defendant's Original Complaint for Declaratory Relief was filed via CM/ECF, causing a copy of same to be served upon:

**BROWN & JAMES, P.C.**
Bradley R Hansmann, Esq.
Travis S. McDonald, Esq.
800 Market Street
Suite 1100
St. Louis, MO 63101
Email: rwatters@bjpc.com
         bhansmann@bjpc.com
*Attorneys for Auto-Owners Insurance Company*

*/s/ Larry E. Bache, Jr.*
Larry E. Bache, Jr.