**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:19-cv-00066-SNLJ |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| BLAIR LEASING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### AUTO-OWNERS INSURANCE COMPANY'S ANSWER TO DEFENDANT
### BLAIR LEASING'S COUNTERCLAIM

**COMES NOW**, Plaintiff/ Counterclaim Defendant Auto-Owners Insurance Company ("Auto-Owners"), by and through undersigned counsel, for its Answer to Defendant/Counterclaim Plaintiff Blair Leasing, LLC's Counterclaim:

1. Auto-Owners admits it insured Blair Leasing pursuant to the terms and conditions of Exhibit A, and denies the remainder of paragraph 1.

2. Auto-Owners is without sufficient information to admit or deny the allegations contained in paragraph 2, and, therefore, denies the same.

3. This paragraph contains a legal conclusion and, therefore, requires no response from this Counterclaim Defendant. If this paragraph requires a response, Auto-Owners denies the same.

4. Deny.

5. Auto-Owners admits Blair Leasing notified it of a claimed loss, but denies a loss occurred.

6. Admit.

7. Deny.

8.      Auto-Owners admits it denied Blair Leasing's claim and denies the remainder of paragraph 8.

9.      Deny.

10.     Auto-Owners is without sufficient information to admit or deny the allegations contained in paragraph 10, and, therefore, denies the same.

11.     Auto-Owners is without sufficient information to admit or deny the allegations contained in Paragraph 11, and, therefore, denies the same.

12.     Auto-Owners is without sufficient information to admit or deny the allegations contained in Paragraph 12, and, therefore, denies the same.

13.     Auto-Owners is without sufficient information to admit or deny the allegations contained in Paragraph 13, and, therefore, denies the same.

14.     Auto-Owners admits it filed a declaratory judgment, and denies the remainder of paragraph 14.

## <u>COUNT I - BREACH OF CONTRACT</u>

15.     Auto-Owners realleges, reasserts and incorporates all preceding paragraphs by reference, as if fully set forth in their entirety herein.

16.     This paragraph contains a legal conclusion and, therefore, requires no response from this Counterclaim Defendant.  If this paragraph requires a response, Auto-Owners denies the same.

17.     Auto-Owners admits that it issued a policy of insurance to Blair Leasing with a policy number of 144605-74848703-16, insuring certain real and personal property located at 1515/1507 Independence Street, Cape Girardeau, MO 63703 ("Property"), subject to certain conditions and exclusions, and denies the remainder of paragraph 17.

18.     Auto-Owners admits there is a policy of insurance and states that the policy of insurance speaks for itself, and denies the remainder of paragraph 18.

19.     Auto-Owners admits there is a policy of insurance and states that the policy of insurance speaks for itself, Auto-Owners denies damage caused by hail and/or wind are always not excluded.

20.     Deny.

21.     Auto-Owners admits it provided notice of claimed loss to Auto-Owners, and denies the remainder of paragraph 21.

22.     Auto-Owners admits it filed a Declaratory Judgment denying Blair Leasing's claim, and denies the remainder of paragraph 22.

23.     Deny.

24.     Deny.

**WHEREFORE**, Plaintiff/ Counterclaim Defendant Auto-Owners Insurance Company prays for dismissal of Count I of Defendant/Counterclaim Plaintiff Blair Leasing, LLC's Counterclaim with prejudice, for its costs, and for such other and further relief as deemed just and proper under the facts and circumstances.

## **AFFIRMATIVE DEFENSES - BREACH OF CONTRACT**

A.     For further answer and Auto-Owners' first affirmative defense, Auto-Owners states that Count I of Defendant's First Amended Counterclaim fails to state a claim upon which relief can be granted.

*** 

B.     For further answer and for its second affirmative defense, Plaintiff states that the insurance policy under which Defendant made its claim with Plaintiff contains the following provision:

**A.     COVERAGE**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

Blair Leasing's claimed damages were not the result of, nor was it caused by any Covered Cause of Loss contained in the policy of insurance, and as such, is not provided coverage pursuant to the above-referenced provision.

***

C.     For further answer and Auto-Owners' third affirmative defense, Auto-Owners states that the insurance policy under which Defendant made its claim with Plaintiff contains the following exclusion:

***

**B.     EXCLUSIONS**

1.     We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**2.**     We will not pay for loss or damage caused directly or indirectly by any of the following:

   **d.     (1)**     Wear and tear;

   **(2)**     Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

   **(4)**     Settling, cracking, shrinking or expansion;

**2.**     We will not pay for loss or damage caused by or resulting from any of the following:

   **f.**     Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.

   **k.**     Collapse, including any of the following conditions of property or any part of the property:

   **(1)**     An abrupt falling down or caving in;

   **(2)**     Loss of structural integrity, including separation of parts of the property or property in danger of falling down or caving in; or

4

       **(3)**      Any cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion as such condition relates to (1) or (2) above.

But if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss. However, if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss.

This exclusion, **k.**, does not apply:

       **(a)**      to the extent that coverage is provided under the Additional Coverage, Collapse; or

       **(b)**      to collapse caused by one or more of the following:

              **(i)**      the "specified causes of loss";

              **(iii)**      weight of rain that collects on a roof;

**3.**      We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

      **c.**      Faulty, inadequate or defective:

       **(2)**      Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

       **(3)**      Materials used in repair, construction, renovation or remodeling; or

       **(4)**      Maintenance of part or all of any property on or off the described premises.

***

Blair Leasing's claimed damages are excluded from coverage by the above-referenced exclusions because they resulted from normal wear and tear, natural deterioration, and faulty or defective workmanship, construction, and maintenance.

D.     For further answer and Auto-Owners' fourth affirmative defense, Auto-Owners states that the insurance policy under which Defendant made its claim with Plaintiff contains the following limitation:

## C.    LIMITATIONS

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

      **1.**    We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

            **c.**    The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, sand, or dust, whether driven by wind or not, unless:

                **1)**    The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which rain, snow, sleet, ice, sand or dust enters; or

                **2)**    The loss or damage is caused by or results from thawing of snow, sleet, or ice on the building or structure.

***

      There was no Covered Cause of Loss for Blair Leasing's alleged interior water damage because the cause of the damage was the result of normal wear and tear, natural deterioration, and faulty or defective workmanship, construction, and maintenance.

      **E.**    For further answer and Auto-Owners' fifth affirmative defense, Auto-Owners states that the insurance policy under which Defendant made its claim with Plaintiff contains the following limitation:

## D.    Additional Coverage - Collapse

The coverage provided under this Additional Coverage, Collapse, applies only to an abrupt collapse as described and limited in **D.1.** through **D.7**.

      **1.**    For the purpose of this Additional Coverage, Collapse, abrupt collapse means an abrupt falling down or caving in or a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose.

      **2.**    We will pay for direct physical loss or damage to Covered Property, caused by abrupt collapse of a building or any part of a building that is insured under this Coverage Form or that contains Covered Property insured under this Coverage Form, if such collapse is caused by one or more of the following:

**a.** Building decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse;

**d.** Use of defective material or methods in construction, remodeling or renovation if the abrupt collapse occurs after the construction, remodeling or renovation is complete, but only if the collapse is caused in part by:

**(1)** A cause of loss listed in **2.a.** or **2.b.**;

**(2)** One or more of the "specified causes of loss";

**(3)** Breakage of building glass;

**(4)** Weight of people or personal property; or

**(5)** Weight of rain that collects on a roof.

***

**4.** With respect to the following property:

**i.** Walks, roadways and other paved surfaces;

if an abrupt collapse is caused by a cause of loss listed in 2.a. through 2.d., we will pay for the loss or damage to that property only if:

**(1)** Such loss or damage is a direct result of the abrupt collapse of a building insured under this Coverage Form; and

**(2)** The property is Covered Property under this Coverage Form.

***

Blair Leasing's claimed damages are excluded from coverage by the above-referenced exclusions because they resulted from normal wear and tear, natural deterioration, and faulty or defective workmanship, construction, and maintenance.

F. For further Answer and for its sixth affirmative defense, Auto-Owners states that during its investigation of Defendant's claim, Defendant and/or its agents and representatives misrepresented material facts and circumstances regarding the claimed losses, including, but not limited to, the cause of the claimed damages, the duration of leakage, the repairs performed, and the extent and amount of the losses and, as such, the Policy does not provide coverage for

Defendant's claim. As such, Defendant is barred from recovery under the insurance policy and no coverage for the claimed loss exists pursuant to the following policy condition:

**CONCEALMENT OR FRAUD**

This entire policy is void if, whether before, during or after a loss, any **insured** has:

1.      Intentionally concealed or misrepresented any material fact or circumstance;

2.      engaged in fraudulent conduct; or

3.      made false statements; relating to this insurance.

***

G.      For further Answer and for its seventh affirmative defense, Auto-Owners states that based on its extensive investigation of the facts and circumstances surrounding the loss, Plaintiff reasonably concluded that:

1.      Defendant failed to take all reasonable steps to protect its property from further damage and did not cooperate with Plaintiff in ensuring that Defendant's property was protected from further damage;

2.      Defendant's damages, if any, were caused by flood and surface water, as well as water flowing or seeping into the property;

3.      Defendant's damages, if any, were caused by wear and tear, decay, deterioration, and/or hidden or latent defect;

4.      Defendant's damages, if any, were caused by continuous or repeated seepage or leakage of water;

5.      Defendant's damages, if any, were caused by Defendant's neglect to use all reasonable means to save and preserve its property from further damage;

6.      Defendant's damages, if any, were caused by faulty or defective planning, workmanship, repair, construction and/or maintenance;

7. Damage to the interior of the property and/or personal property, if any, was caused by rain entering the interior of the property.

As such, Defendant is barred from recovery under the insurance policy and no coverage for the claimed loss exists pursuant to the aforementioned policy conditions.

## COUNT II - VEXATIOUS REFUSAL TO PAY

25. Auto-Owners realleges, reasserts and incorporates all preceding paragraphs by reference, as if fully set forth in their entirety herein.

26. Auto-Owners admits it denied Blair Leasing's claim and denies the remainder of paragraph 26.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny, including all subparts.

35. Deny.

**WHEREFORE**, Plaintiff/ Counterclaim Defendant Auto-Owners Insurance Company prays for dismissal of Count II of Defendant/Counterclaim Plaintiff Blair Leasing, LLC's Counterclaim with prejudice, for its costs, and for such other and further relief as deemed just and proper under the facts and circumstances.

## AFFIRMATIVE DEFENSES - VEXATIOUS REFUSAL TO PAY

A.     For further answer and Auto-Owners' first affirmative defense, Auto-Owners states that Count I of Defendant's First Amended Counterclaim fails to state a claim upon which relief can be granted.

B.     For further answer and for its second affirmative defense, Plaintiff states that the insurance policy under which Defendant made its claim with Plaintiff contains the following provision:

## A.   COVERAGE

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

Blair Leasing's claimed damages were not the result of, nor was it caused by any Covered Cause of Loss contained in the policy of insurance, and as such, is not provided coverage pursuant to the above-referenced provision.

***

C.     For further answer and Auto-Owners' third affirmative defense, Auto-Owners states that the insurance policy under which Defendant made its claim with Plaintiff contains the following exclusion:

***

## B.   EXCLUSIONS

1.     We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

2.     We will not pay for loss or damage caused directly or indirectly by any of the following:

     d.   (1)   Wear and tear;

           (2)   Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

**(4)** Settling, cracking, shrinking or expansion;

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

**f.** Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.

**k.** Collapse, including any of the following conditions of property or any part of the property:

**(1)** An abrupt falling down or caving in;

**(2)** Loss of structural integrity, including separation of parts of the property or property in danger of falling down or caving in; or

**(3)** Any cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion as such condition relates to (1) or (2) above.

But if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss. However, if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss.

This exclusion, **k.,** does not apply:

**(a)** to the extent that coverage is provided under the Additional Coverage, Collapse; or

**(b)** to collapse caused by one or more of the following:

**(i)** the "specified causes of loss";

**(iii)** weight of rain that collects on a roof;

**3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

**c.** Faulty, inadequate or defective:

**(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

**(3)** Materials used in repair, construction, renovation or remodeling; or

**(4)** Maintenance of part or all of any property on or off the described premises.

\*\*\*

11

Blair Leasing's claimed damages are excluded from coverage by the above-referenced exclusions because they resulted from normal wear and tear, natural deterioration, and faulty or defective workmanship, construction, and maintenance.

D.     For further answer and Auto-Owners' fourth affirmative defense, Auto-Owners states that the insurance policy under which Defendant made its claim with Plaintiff contains the following limitation:

## C.     LIMITATIONS

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

**1.**     We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

**c.**     The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, sand, or dust, whether driven by wind or not, unless:

**1)**     The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which rain, snow, sleet, ice, sand or dust enters; or

**2)**     The loss or damage is caused by or results from thawing of snow, sleet, or ice on the building or structure.

***

There was no Covered Cause of Loss for Blair Leasing's alleged interior water damage because the cause of the damage was the result of normal wear and tear, natural deterioration, and faulty or defective workmanship, construction, and maintenance.

E.     For further answer and Auto-Owners' fifth affirmative defense, Auto-Owners states that the insurance policy under which Defendant made its claim with Plaintiff contains the following limitation:

**D.     Additional Coverage - Collapse**

The coverage provided under this Additional Coverage, Collapse, applies only to an abrupt collapse as described and limited in **D.1.** through **D.7.**

**1.**     For the purpose of this Additional Coverage, Collapse, abrupt collapse means an abrupt falling down or caving in or a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose.

**2.**     We will pay for direct physical loss or damage to Covered Property, caused by abrupt collapse of a building or any part of a building that is insured under this Coverage Form or that contains Covered Property insured under this Coverage Form, if such collapse is caused by one or more of the following:

**a.**     Building decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse;

**d.**     Use of defective material or methods in construction, remodeling or renovation if the abrupt collapse occurs after the construction, remodeling or renovation is complete, but only if the collapse is caused in part by:

**(1)**     A cause of loss listed in **2.a.** or **2.b.**;

**(2)**     One or more of the "specified causes of loss";

**(3)**     Breakage of building glass;

**(4)**     Weight of people or personal property; or

**(5)**     Weight of rain that collects on a roof.

***

**4.**     With respect to the following property:

**i.**     Walks, roadways and other paved surfaces;

if an abrupt collapse is caused by a cause of loss listed in 2.a. through 2.d., we will pay for the loss or damage to that property only if:

**(1)**     Such loss or damage is a direct result of the abrupt collapse of a building insured under this Coverage Form; and

**(2)**     The property is Covered Property under this Coverage Form.

***

Blair Leasing's claimed damages are excluded from coverage by the above-referenced exclusions because they resulted from normal wear and tear, natural deterioration, and faulty or defective workmanship, construction, and maintenance.

F.      For further Answer and for its sixth affirmative defense, Auto-Owners states that during its investigation of Defendant's claim, Defendant and/or its agents and representatives misrepresented material facts and circumstances regarding the claimed losses, including, but not limited to, the cause of the claimed damages, the duration of leakage, the repairs performed, and the extent and amount of the losses and, as such, the Policy does not provide coverage for Defendant's claim.  As such, Defendant is barred from recovery under the insurance policy and no coverage for the claimed loss exists pursuant to the following policy condition:

**CONCEALMENT OR FRAUD**

This entire policy is void if, whether before, during or after a loss, any **insured** has:

1.      Intentionally concealed or misrepresented any material fact or circumstance;

2.      engaged in fraudulent conduct; or

3.      made false statements; relating to this insurance.

*** 

G.      For further Answer and for its seventh affirmative defense, Auto-Owners states that based on its extensive investigation of the facts and circumstances surrounding the loss, Plaintiff reasonably concluded that:

1.      Defendant failed to take all reasonable steps to protect its property from further damage and did not cooperate with Plaintiff in ensuring that Defendant's property was protected from further damage;

2.      Defendant's damages, if any, were caused by flood and surface water, as well as water flowing or seeping into the property;

3. Defendant's damages, if any, were caused by wear and tear, decay, deterioration, and/or hidden or latent defect;

4. Defendant's damages, if any, were caused by continuous or repeated seepage or leakage of water;

5. Defendant's damages, if any, were caused by Defendant's neglect to use all reasonable means to save and preserve its property from further damage;

6. Defendant's damages, if any, were caused by faulty or defective planning, workmanship, repair, construction and/or maintenance;

7. Damage to the interior of the property and/or personal property, if any, was caused by rain entering the interior of the property.

As such, Defendant is barred from recovery under the insurance policy and no coverage for the claimed loss exists pursuant to the aforementioned policy conditions.

**WHEREFORE**, Auto-Owners Insurance Company prays for dismissal of Blair Leasing's Counterclaim with prejudice, for its costs, and for such other and further relief as deemed just and necessary under the facts and circumstances.

### AUTO-OWNERS INSURANCE COMPANY'S ANSWER TO DEFENDANT BLAIR LEASING'S PETITION TO COMPEL APPRAISAL AND ABATE CASE PENDING COMPLETION OF APPRAISAL

**COMES NOW**, Plaintiff/ Counterclaim Defendant Auto-Owners Insurance Company ("Auto-Owners"), by and through undersigned counsel, for its Answer to Defendant/Counterclaim Plaintiff Blair Leasing, LLC's Petition to Compel Appraisal and Abate Case Pending Completion of Appraisal:

1. Auto-Owners realleges, reasserts and incorporates all preceding paragraphs by reference, as if fully set forth in their entirety herein.

2. Deny.

3. Auto-Owners admits there is a policy of insurance and states that the policy of insurance speaks for itself.

4. Deny.

5. Paragraph 5 is not a short and plain statement of fact requiring a response from Auto-Owners. To the extent this paragraph is deemed a state of fact, Auto-Owners denies the same.

6. Paragraph 6 is not a short and plain statement of fact requiring a response from Auto-Owners. To the extent this paragraph is deemed a state of fact, Auto-Owners denies the same.

## AFFIRMATIVE DEFENSES - PETITION TO COMPEL APPRAISAL AND ABATE CASE PENDING COMPLETION OF APPRAISAL

A. For further answer and Auto-Owners' first affirmative defense, Auto-Owners states that Count I of Defendant's First Amended Counterclaim fails to state a claim upon which relief can be granted, including but not limited to Blair Leasing's failure to plead a covered cause of loss or dispute over value.

B. For further answer and for its second affirmative defense, Plaintiff states that the insurance policy under which Defendant made its claim with Plaintiff contains the following provision:

## A. COVERAGE

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

An Appraisal is improper because the damages being alleged were not the result of, nor was it caused by any Covered Cause of Loss contained in the policy of insurance, and as such, is not provided coverage pursuant to the above-referenced provision.

\*\*\*

C.     For further answer and Auto-Owners' third affirmative defense, Auto-Owners states that the insurance policy under which Defendant made its claim with Plaintiff contains the following exclusion:

***

**B.     EXCLUSIONS**

1.     We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**2.**     We will not pay for loss or damage caused directly or indirectly by any of the following:

> **d.     (1)**     Wear and tear;
>
> **(2)**     Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
>
> **(4)**     Settling, cracking, shrinking or expansion;

**2**.     We will not pay for loss or damage caused by or resulting from any of the following:

> **f.**     Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.
>
> **k.**     Collapse, including any of the following conditions of property or any part of the property:
>
> **(1)**     An abrupt falling down or caving in;
>
> **(2)**     Loss of structural integrity, including separation of parts of the property or property in danger of falling down or caving in; or
>
> **(3)**     Any cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion as such condition relates to (1) or (2) above.
>
> But if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss. However, if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss.
>
> This exclusion, **k.**, does not apply:
>
> **(a)**     to the extent that coverage is provided under the Additional Coverage, Collapse; or

17

        **(b)**      to collapse caused by one or more of the following:

             **(i)**      the "specified causes of loss";

             **(iii)**    weight of rain that collects on a roof;

**3.**      We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

      **c.**      Faulty, inadequate or defective:

          **(2)**     Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

          **(3)**     Materials used in repair, construction, renovation or remodeling; or

          **(4)**     Maintenance of part or all of any property on or off the described premises.

***

An Appraisal is improper because the damages being alleged are excluded from coverage by the above-referenced exclusions because they resulted from normal wear and tear, natural deterioration, and faulty or defective workmanship, construction, and maintenance.

      D.      For further answer and Auto-Owners' fourth affirmative defense, Auto-Owners states that the insurance policy under which Defendant made its claim with Plaintiff contains the following limitation:

## C.    LIMITATIONS

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

    **1.**     We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

      **c.**      The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, sand, or dust, whether driven by wind or not, unless:

      **1)**     The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which rain, snow, sleet, ice, sand or dust enters; or

2)      The loss or damage is caused by or results from thawing of snow, sleet, or ice on the building or structure.

***

An Appraisal is improper because the damages being alleged were the result of normal wear and tear, natural deterioration, and faulty or defective workmanship, construction, and maintenance.

E.      For further answer and Auto-Owners' fifth affirmative defense, Auto-Owners states that the insurance policy under which Defendant made its claim with Plaintiff contains the following limitation:

**D.      Additional Coverage - Collapse**

The coverage provided under this Additional Coverage, Collapse, applies only to an abrupt collapse as described and limited in **D.1.** through **D.7**.

**1.**      For the purpose of this Additional Coverage, Collapse, abrupt collapse means an abrupt falling down or caving in or a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose.

**2.**      We will pay for direct physical loss or damage to Covered Property, caused by abrupt collapse of a building or any part of a building that is insured under this Coverage Form or that contains Covered Property insured under this Coverage Form, if such collapse is caused by one or more of the following:

      **a.**      Building decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse;

      **d.**      Use of defective material or methods in construction, remodeling or renovation if the abrupt collapse occurs after the construction, remodeling or renovation is complete, but only if the collapse is caused in part by:

            **(1)**      A cause of loss listed in **2.a.** or **2.b.**;

            **(2)**      One or more of the "specified causes of loss";

            **(3)**      Breakage of building glass;

            **(4)**      Weight of people or personal property; or

            **(5)**      Weight of rain that collects on a roof.

***

**4.** With respect to the following property:

**i.** Walks, roadways and other paved surfaces;

if an abrupt collapse is caused by a cause of loss listed in 2.a. through 2.d., we will pay for the loss or damage to that property only if:

**(1)** Such loss or damage is a direct result of the abrupt collapse of a building insured under this Coverage Form; and

**(2)** The property is Covered Property under this Coverage Form.

*** *

Blair Leasing's claimed damages are excluded from coverage by the above-referenced exclusions because they resulted from normal wear and tear, natural deterioration, and faulty or defective workmanship, construction, and maintenance.

F. For further Answer and for its sixth affirmative defense, Auto-Owners states that during its investigation of Defendant's claim, Defendant and/or its agents and representatives misrepresented material facts and circumstances regarding the claimed losses, including, but not limited to, the cause of the claimed damages, the duration of leakage, the repairs performed, and the extent and amount of the losses and, as such, the Policy does not provide coverage for Defendant's claim. As such, Defendant is barred from recovery under the insurance policy and no coverage for the claimed loss exists pursuant to the following policy condition:

**CONCEALMENT OR FRAUD**

This entire policy is void if, whether before, during or after a loss, any **insured** has:

1. Intentionally concealed or misrepresented any material fact or circumstance;

2. engaged in fraudulent conduct; or

3. made false statements; relating to this insurance.

*** *

G. For further Answer and for its seventh affirmative defense, Auto-Owners states that based on its extensive investigation of the facts and circumstances surrounding the loss, Plaintiff reasonably concluded that:

1. Defendant failed to take all reasonable steps to protect its property from further damage and did not cooperate with Plaintiff in ensuring that Defendant's property was protected from further damage;

2. Defendant's damages, if any, were caused by flood and surface water, as well as water flowing or seeping into the property;

3. Defendant's damages, if any, were caused by wear and tear, decay, deterioration, and/or hidden or latent defect;

4. Defendant's damages, if any, were caused by continuous or repeated seepage or leakage of water;

5. Defendant's damages, if any, were caused by Defendant's neglect to use all reasonable means to save and preserve its property from further damage;

6. Defendant's damages, if any, were caused by faulty or defective planning, workmanship, repair, construction and/or maintenance;

7. Damage to the interior of the property and/or personal property, if any, was caused by rain entering the interior of the property.

As such, Defendant is barred from recovery under the insurance policy and no coverage for the claimed loss exists pursuant to the aforementioned policy conditions.

**WHEREFORE**, Auto-Owners Insurance Company prays for dismissal of Blair Leasing's Petition to Compel Appraisal with prejudice, for its costs, and for such other and further relief as deemed just and necessary under the facts and circumstances.

**BROWN & JAMES, P.C.**


*/s/ Bradley R. Hansmann*
Bradley R. Hansmann, #53160MO
Travis S. McDonald, #67356MO
800 Market Street, Suite 1100
St. Louis, MO  63101-2501
314-421-3400
314-421-3128 - Fax
rwatters@bjpc.com
bhansmann@bjpc.com
*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served by the Court's electronic filing system, this 19th day of June, 2019, on the counsel of record listed below.

Larry E. Bache
Jonathan E. Bukowski
Merlin Law Group, P.A.
1001 17th Street, Suite 1150
Denver, CO  80202
lbache@MerlinLawGroup.com
jbukowski@merlinlawgroup.com
*Attorneys for Defendant*


*/s/ Bradley R. Hansmann*


20986110.1