UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AUTO OWNERS INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-00066-SNLJ |
| ) | |
| BLAIR LEASING, LLC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Auto Owner Insurance Co.'s motion to compel (#11). For the following reasons, that motion is **GRANTED**.

The complaint "seek[s] interpretation of an insurance policy issued to defendant and a declaration of its rights and obligations thereunder." The issues largely boil down to whether the roof of defendant's commercial building was damaged by "storm events" or, instead, as a "result of normal wear and tear, natural deterioration, and fault or defect workmanship, construction, and maintenance[.]" The complaint says the alleged loss—as claimed by defendant—totaled $4,927,831.56, which includes damages to the interior of defendant's building. Defendant has filed counterclaims for breach of contract and vexatious refusal to pay.

On October 23, 2019, plaintiff filed a motion to compel certain discovery requests—including interrogatories 1, 12-19, 21, 22, and 24, first requests for production 20-22, and first requests for admission 26 and 27. Plaintiff recounts how defendant repeatedly failed to timely respond to the discovery requests and then, when a response

finally came, "provided boiler plate objections to every single [request]." Defendant filed its opposition brief on November 4, 2019, attaching as an exhibit a number of "supplemental responses" to the disputed discovery requests that it says "resolve[s] the outstanding discovery dispute."[1] However, defendant "still maintain[s] its objections over [certain requests] as being protected under the attorney-client privilege," specifically requests for production 20, 21, and 22. And, in any event, defendant mostly stands on its prior objections notwithstanding that it has supplemented its responses.

Before getting to those requests, this Court notes that plaintiff declined to file a reply brief; so, this Court could not determine whether the supplemental responses did, in fact, resolve the outstanding discovery dispute. Therefore, on January 21, 2020, the parties were ordered to provide a status update. The parties' status update shows that interrogatories 16, 19, and 22, and requests for production 20, 21, and 22, are still in dispute. This Court will limit its review to those requests.

To begin, this much is clear: the objections to each request—generally stating that they are "overly broad, vague, ambiguous, unduly burdensome, [] compound[,] and seeks information that may be privileged attorney work product and/or attorney-client communications"—are boilerplate, are unacceptable, and are hereby overruled. *See RightCHOICE Managed Care, Inc. v. Hospital Partners, Inc.,* 2019 WL 418117 at *4 (W.D. Mo. Feb. 1, 2019) (emphasizing that "[b]oilerplate objections are unacceptable" and admonishing defendant's for not objecting "with specificity"). As for the particularized attorney-client privilege objections to requests for production 20, 21, and

---

[1] The Court notes that the "supplemental responses" did not address interrogatory 16.

2

22—those going beyond the clearly unacceptable "may be privileged" language found in other requests—all three appear to deal with the financial relationship between defendant and its attorneys and seek such information as "all contracts between [defendant] and the attorneys," "all copies of bills" and "all copies of [documents] evidencing payments made[.]"[2] It is "well-established that no privilege attaches to information about what attorneys' fees were paid, in what amount, in what form, or by whom." *United States v. DNRB, Inc.*, 257 F.Supp.3d 1033, 1038 (W.D. Mo. 2017). Such information does not involve confidential communications. But, "billing statements which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of services performed, such as researching particular areas of the law, fall within the privilege." *Brennan v. Western Nat. Mut. Ins. Co.*, 199 F.R.D. 660, 662 (D.S.D. 2001) (quoting *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992)). In light of these nuances, this Court overrules defendant's objections for non-compliance with Rule 26(b)(5)(A)(ii). That Rule requires, among other things, that a litigant asserting the attorney-client privilege "describe the nature of the documents, communications, or tangible things not produced" so as to "enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A)(ii). What is the nature of the bills or fee arrangement, for example, that defendant refuses to produce—do they happen to divulge the sort of things highlighted in *Brennan*? Defendant does not say. And this Court has been presented with

---

[2] Request for production 20 refers to contracts "between plaintiff and the attorneys," while requests for production 21 and 22 seek information between "defendant [and] its attorneys." Presumably, request 20's reference to "plaintiff," and not "defendant," was a typo.

no privilege log for which to sustain defendant's claimed privileges. Such silence will not do for purposes of supporting these privileged-based objections.

This Court encourages the parties to revisit both Rules 33 and 34 and to take strong note of the fact that this Court will not tolerate gamesmanship with the discovery rules or evasive response tactics going forward. S*ee Nutreance, LLC. v. Primark, LLC.*, 2019 WL 5314764 (E.D. Mo. Oct. 21, 2019) (reminding the parties of the required candor in discovery efforts and the Court's inherent sanction powers). With that said, this Court is confident the parties can work together to resolve their remaining differences. However, to the extent this cannot be achieved, plaintiff is welcome to file a second motion to compel laying out with specificity why each of defendant's responses—following further supplementation if necessary—still fail to abide by the discovery rules.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Auto Owner Insurance Co.'s motion to compel (#11) is **GRANTED**. The objections to interrogatories 16, 19, and 22, and first requests for production of documents 20, 21, and 22 are overruled.

So ordered this 24th day of February 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE