**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:19-cv-00066-SNLJ |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| BLAIR LEASING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| BLAIR LEASING, LLC, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTO-OWNERS INSURANCE, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## AGREED CONFIDENTIALITY ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Auto-Owners Insurance and Defendant Blair Leasing, LLC have moved the Court to enter a protective order regarding confidential information that may be produced or obtained in this civil action. The Court has determined that there is good cause for entry of a protective order, and the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1.    **Scope**.  All materials that may be disclosed, produced, exchanged or submitted in connection with the above-captioned civil action (the "Action") and/or produced or adduced in the course of discovery including, without limitation, initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom

(hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.   **Confidential Information**.  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by a party that falls within one or more of the following categories: (a) information prohibited from disclosure by contract, statute, regulation or constitutional provision; (b) patents, proprietary processes, product pricing, trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) customer or client information; (e) personally identifying information of an individual, (e) consumer credit reports; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of an individual.  No information shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or shall be subject to this Order or any other obligation respecting subsequent use or dissemination of information if: (a) the receiving Party already is in rightful possession of the information, but only if the receiving party can show by written documentation that the information independently came into its rightful possession; (b) the receiving Party receives such information at a later date from a source other than the designating Party that is in rightful possession of the information, but only if such source can show by written documentation that the information independently came into its rightful possession; or (c) if the information at any time is or was made public through no wrongful act of a Party or third party.

3.   **Designation**.

(a)   A document produced by a party to this action may be designated as Confidential Information or Confidential – Attorneys' Eyes Only for protection under this

Order by placing or affixing such words on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" include electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "Confidential" or "Confidential – Attorneys' Eyes Only" shall be applied prior to or at the time of the documents are produced or disclosed. Any copies that are made of any documents marked "Confidential" or "Confidential – Attorneys' Eyes Only" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)   In the case of Confidential Information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the appropriate designation shall be affixed to the outside of the medium or its container so as to give clear notice of the designation. Such designation is deemed to apply to the object itself and to the Confidential Information contained therein.

(c)   Confidential information may be designated as Confidential – Attorneys' Eyes Only if it is of such a highly sensitive private, financial, commercial, technical or competitive nature that disclosure thereof without the protections of this Order would provide an unfair competitive advantage or create a risk of serious injury that could not be avoided by less restrictive means.

(d)   A document produced by a non-party to this action ("Non-party Information") may be designated by the non-party as Confidential or Confidential – Attorneys' Eyes Only by following the procedure set forth in Paragraph 3(a) hereinabove.

3

A party also may designate Non-party Information as Confidential or Confidential –
Attorneys' Eyes Only by sending written notice designating any such Non-party
Information as Confidential or Confidential – Attorneys' Eyes Only within 14 days of
receipt of such Non-party Information.

(c)     The designation of a document as Confidential or Confidential – Attorneys'
Eyes Only is a certification by an attorney, party and third party that the document contains
Confidential Information as defined in this Order.

(d)     Upon reasonable request of the receiving Party, the designating Party shall
promptly provide a log of all documents and information designated as Confidential
Information, which log shall identify the category, as set forth in section 2 of this Order, of
Confidential Information to which each designated document or information belongs.

4.     **Depositions**. Deposition testimony and/or exhibits are protected by this Order only
if a party: (1) designates such testimony or exhibit(s) as Confidential or Confidential – Attorneys'
Eyes Only on the record at the time the testimony is taken; or (2) sends written notice designating
such testimony or exhibit(s) as Confidential or Confidential – Attorneys' Eyes Only within 14
days of receipt of the transcript of the testimony in the manner specified below.  Deposition
testimony so designated on the record of the deposition shall be treated as Confidential
Information protected by this Order until 14 days after delivery of the transcript by the court
reporter to any party or the witness.  Within 14 days after delivery of the transcript, a designating
party may serve a Notice of Designation to all parties of record identifying the specific portions
of the transcript that are designated Confidential Information, and thereafter those portions
identified in the Notice of Designation shall be protected under the terms of this Order. The failure
to serve a timely Notice of Designation waives any designation of deposition testimony as

4

Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

5.    **Protection of Confidential Information.**  All Confidential Information and/or Confidential Non-party Information designated hereunder as "Confidential" or "Confidential: Attorneys' Eyes Only" shall be maintained in confidence and shall not be used for any purpose whatsoever other than in this litigation, including any appeal thereof, and shall not be disclosed, directly or indirectly, to any person except as provided in this Order, as follows:

(a)    Access to Confidential Information designated as "Confidential" but not "Confidential:  Attorneys' Eyes Only" and any copies thereof, and any information obtained from inspecting such Confidential Information and notes made therefrom, shall be limited to the following persons:

i.    The Parties or the executive officers of the corporate Parties to the Action, as well as those employees of the Parties who have a reasonable need of access to the information to assist their attorneys in the Action.

ii.    Counsel of record for the parties and attorneys regularly employed by counsel of record, and their non-lawyer support personnel.  Such support personnel include, but are not limited to, clerical and administrative workers, paralegals and other persons employed or retained by counsel who may assist counsel in providing litigation support, provided that any such support personnel not regularly employed by counsel of record also must comply with the provisions of Paragraph 5(c). All such support personnel shall comply with all other requirements set forth herein. Persons providing investigative services or substantive input to a party under no circumstances shall be deemed support personnel.

5

iii.     Pursuant to Paragraph 5(c), independent personnel retained or consulted by outside counsel for the parties to furnish consulting, investigative, technical or other consulting or expert services or to give expert testimony.

iv.     The Court, jury, court personnel, court reporters, mediators, and similar personnel.

v.     Pursuant to Paragraph 5(c), contractors specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically-stored information.

vi.     Pursuant to Paragraph 5(c), during their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

vii.     Pursuant to Paragraph 5(c), the author or recipient of the document (not including a person who received the document in the course of litigation);

viii.     Pursuant to Paragraph 5(c), any other person with the prior written consent of the designating Party or prior order of the Court.

(b)     Access to Confidential Information designated as "Confidential: Attorneys' Eyes Only," and any copies thereof, and any information obtained from inspecting such

Confidential Information and notes made therefrom, and shall be limited to the following persons:

    i.    Counsel of record for the parties and attorneys regularly employed by counsel of record and their non-lawyer support personnel. Such support personnel include, but are not limited to, clerical and administrative workers, paralegals and other persons employed or retained by counsel who may assist counsel in providing litigation support, provided that any such support personnel not regularly employed by counsel of record also must comply with the provisions of Paragraph 5(c). All such support personnel shall comply with all other requirements set forth herein. Persons providing investigative services or substantive input to a party under no circumstances shall be deemed support personnel.

    ii.    Pursuant to Paragraph 5(c), independent personnel retained or consulted by outside counsel for the parties to furnish consulting, investigative, technical or other consulting or expert services or to give expert testimony.

    iii.    The Court, jury, court personnel, court reporters, mediators, and similar personnel.

    iv.    Pursuant to Paragraph 5(c), contractors specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically-stored information.

    v.    Pursuant to Paragraph 5(c), during their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the

transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

vi.     Pursuant to Paragraph 5(c), the author or recipient of the document (not including a person who received the document in the course of litigation).

vii.    Pursuant to Paragraph 5(c), any other person with the prior written consent of the designating party or prior order of the Court.

(c)     Non-lawyer/support personnel identified under Paragraphs 5(a)(ii) and 5(b)(i), and each person identified under Paragraphs 5(a)(iii), 5(a)(v), 5(a)(vi), 5(a)(vii), 5(a)(viii), 5(b)(ii), 5(b)(iv), 5(b)(v), 5(b)(vi) and 5(b)(vii) shall, prior to being given access to information designated as Confidential or Confidential: Attorneys' Eyes' Only, acknowledge in writing his or her familiarity with the terms of this Order and execute a Non-Disclosure Agreement in the form of Exhibit A, attached hereto.

(d)     Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.     **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to

8

have violated this Order for failing to maintain the confidentiality of a document during a time when that document has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the document is subsequently designated Confidential Information.

7.      **Inadvertent Production.**   Inadvertent or mistaken production of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery, shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party in writing of the discovery of the inadvertent or mistaken disclosure.  Upon receipt of such written notice, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information; and must take reasonable steps to retrieve the information if the party disclosed it before being notified.

8.      **Filing of Confidential Information.**  This Order does not, by itself, authorize the filing of any document under seal.   Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must first file a motion for leave to file the document under seal.  The party filing the document must also provide notice at the time of the filing to any non-party who produced the Confidential Information.

9.      **Challenges by a Party to Designation as Confidential Information.**   The designation of any document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)     Meet and Confer. Any Party may object to a "Confidential" designation made pursuant to this Order at any time by notifying the Designating Party in writing of

that objection and specifying the designated material to which the objection is made. The Parties shall, within ten (10) days of service of the written objections, confer concerning the objection. If the objection is not resolved, the Party objecting to the designation shall file a motion to resolve the dispute over the designation of the material. In the event a motion to resolve the dispute is filed, the Designating Party has the burden of establishing that the designation is proper. All information subject to dispute shall, until further order of the Court, be treated consistently with its designation.

      (b)     Judicial Intervention. If such a conference does not resolve the objection, then the receiving party can apply to the Court for a ruling that such material shall not be treated as confidential. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

      (c)     Any document or Confidential Information from which the producing Party has removed the designation following review pursuant to subpart (a) of this Section or from which the Court has removed the designation pursuant to subpart (b) of this Section, shall not thereafter be subject to this Order or any of its requirements, unless it should thereafter be determined by the Court that the basis for the redesignation was the result of wrongful conduct by the challenging Party or a third party.

      10.    **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.     **Use of Confidential Information at Trial.**  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention prior to or at the hearing.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  In the event a party or counsel for a party receives a subpoena issued in another lawsuit demanding production of Confidential Information produced in this action, the party receiving such subpoena must notify the designating party or its counsel of record herein, in writing, promptly via email, facsimile or overnight delivery service so as to afford the designating party adequate time and opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information of the designating party in this case.

13.     **Obligations on Conclusion of Litigation.**

(a)     Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation.  Within 60 days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information, and

11

documents marked "CONFIDENTIAL," under this Order, including copies, shall be returned to the producing party unless (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

14.     **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on application of a party or any other person with standing concerning the subject matter. The parties may reach an agreement to modify the times or dates set forth in this Order without the consent of the Court.

15.     **Persons Bound**. This Order shall take effect when entered by the Court and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

SO ENTERED:

_8 - 18 - 20_

Date

The Honorable Stephen N. Limbaugh, Jr.,
Senior United States District Judge

12